in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**FU ZHEN ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–1012–ag.**

United States Court of Appeals,
Second Circuit.

July 13, 2006.

Liu Yu, New York, NY, for Petitioner.

David E. Nahmias, United States Attorney; Laura K. Bonander, Assistant United States Attorney, Atlanta, GA, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. DENNIS JACOBS and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Fu Zhen Zheng, through counsel, petitions for review of the January 2004 BIA order affirming Immigration Judge ("IJ") Douglas B. Schoppert's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews an IJ's decision when the BIA affirms the decision of the IJ without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, includ-

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

mer Attorney General John Ashcroft as the respondent in this case.

ing adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's adverse credibility determination. The IJ pointed out a significant inconsistency between Zheng's testimony and his sister's letter regarding his Falun Gong booklet. While Zheng testified that his family had sent him the booklet in September 2001, and that he had hidden it under his bed, his sister's letter indicated that when she found Falun Gong products under his bed, she "ruined all of them" by burning them, and thus it was "beyond her ability" to send him Falun Gong identification documents. Zheng's assertion that his sister burned only "some" of the documents does not compel a contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B). In addition, the authenticity of the booklet itself is questionable, given the Immigration Refugee Board report which cites sources who are unaware of any membership documentation associated with Falun Dafa issued after 1994. *See Tu Lin v. Gonzales,* 446 F.3d 395 (2d Cir.2006) (finding that while the observations of the State Department reports do not automatically discredit contrary evidence presented by the applicant, and are not binding on the immigration court, they are probative nonetheless). Further, the IJ cited: Zheng's testimony that he did not know whether the police were still looking for him due to his practice of Falun Gong, despite his sister's statement that the police have gone to his family's home looking for him; and Zheng's practice of Falun Gong in private in the United States, despite his public practice of Falun Gong in China. Because all three of Zheng's claims for relief rested on the same factual premises, the IJ properly denied Zheng's application for asylum, withholding of removal, and relief under the CAT.

Zheng does not challenge the IJ's finding that he failed to meet his burden of proof due to insufficient corroborative evidence. This issue is therefore deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).